IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR TRANSPORTATION
LOGISTICS, INC.,
a Florida corporation,                           Case No:

      Plaintiff,

v.

LEADER LOGISTICS, LLC.,
an Oregon limited liability
company,

      Defendant.
_____/

## COMPLAINT

Plaintiff LANDSTAR TRANSPORTATION LOGISTICS, INC. by and through its undersigned counsel, hereby submits and files its Complaint against Defendant LEADER LOGISTICS, LLC., and in support thereof states as follows:

### INTRODUCTION

1. This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR TRANSPORTATION LOGISTICS, INC. ("Landstar"), a transportation broker, and Defendant LEADER LOGISTICS,

LLC. ("LEADER"), a motor carrier that provides transportation services, for LEADER's failure to indemnify Landstar for LEADER's damage of a shipment tendered to it, pursuant to the parties' Transportation Brokerage Agreement ("Agreement"), among other wrongs.

## PARTIES, JURISDICTION, VENUE

2. Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3. Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC- 277729) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier.

4. Landstar is a citizen of Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

5. LEADER is a Rhode Island Limited Liability Company with its principal place of business in Portland, Oregon.

6. LEADER is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-1246564) to transport property in interstate commerce.

7. Upon information and belief, LEADER members do not reside in Florida, for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

8. Because Landstar and LEADER are citizens of different states, and because the amount in controversy, exclusive of interest, costs and attorneys' fees, is over $75,000.00, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

9. This Court also has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

10. On or about September 17, 2021, LEADER entered into the Transportation Brokerage Agreement ("Agreement") with Landstar, wherein LEADER agreed to transport cargo for customers of Landstar. The Agreement is attached hereto as **Exhibit A**.

11. Paragraph 26 of the Agreement provides that:

Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

12. Accordingly, LEADER consented to the jurisdiction of this Court and to this Court being a proper venue for this action, which arises out of and/or relates to the Agreement.

## GENERAL ALLEGATIONS

13. Google ("the Shipper") contacted Landstar to arrange for transportation of electrical items ("the Load") from Fairburn, Georgia to a consignee in The Dalles, Oregon.

14. Governed by the Agreement, on or about April 23, 2023, Landstar arranged for LEADER to transport the Load from Fairburn, Georgia to The Dalles, Oregon. A copy of the governing bill of lading for the Shipment, No. 101109945 ("the Bill of Lading"), is attached hereto as **Exhibit B**.

15. The Load was tendered to LEADER in Fairburn, Georgia on or about April 23, 2023, in good condition.

16. LEADER picked up the entire Load, which was in good condition; however, it failed to deliver the Load to the intended consignee in the same condition. Instead, the Load arrived at the destination in damaged condition.

17. Specifically, LEADER's original truck operator had a mechanical issue in transit that necessitated an unauthorized transload into another trailer for the remainder of transit. The trailer was a refrigerated trailer set

to a freezing temperature, which subjected the Load to freezing temperatures.

19. 18.   As such, the Shipper made and submitted a Presentation of Loss and Damage Claim, dated May 15, 2023, to Landstar, representing the total amount of damages suffered by the Shipper as $500,000.00 as a result of LEADER's failure to deliver the Load in the same condition as it was received. A true and correct copy of the Presentation of Loss and Damage Claim is attached hereto as **Exhibit C.**

19.   Pursuant to the Services Contract between the Shipper and Landstar, Landstar was liable to the Shipper for the damages stated in the Presentation of Loss and Damage Claim dated May 15, 2023 up to a maximum of $250,000.00.

20.   Accordingly, Landstar issued payment to the Shipper totaling $250,000.00.

21.   In exchange for payment pursuant to the Presentation of Loss and Damage Claim, the Shipper executed an Assignment. Thus, Landstar is the owner and assignee of said claim. *See* **Exhibit C.**

22.   Landstar has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

23.   As of the filing of this action, LEADER has failed to accept liability for its loss of the Load.

5

24. All conditions precedent to this action have occurred, been satisfied, or have been waived.

## COUNT ONE – BREACH OF CONTRACT

25. Landstar incorporates paragraphs 1 through 24 as if fully set forth herein.

26. Having duly entered into the Agreement with Landstar, LEADER carriage of the Load was subject to the Agreement's terms and conditions.

27. Paragraphs 8 and 11 of the Agreement make LEADER wholly responsible for performing the transportation services contemplated by the Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services.

28. LEADER breached the Agreement by not successfully delivering the Load in the same condition as it was received, and then refusing to respond to or cooperate with Landstar in the resolution of the claim.

29. Paragraph 9 of the Agreement makes LEADER responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" LEADER's performance or breach of the Agreement.

30. LEADER further breached the Agreement by failing to indemnify and hold Landstar harmless for the cargo loss, costs, and attorneys' fees Landstar incurred as a result of LEADER breach of the Agreement.

31. As a direct result of LEADER failure to deliver the Load in the same condition as it was received to the intended consignee, LEADER is liable for Landstar's actual damages in the amount of $250,000.00.

32. Landstar has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from LEADER, which attorney's fees and costs are recoverable under the Agreement.

WHEREFORE, Plaintiff, LANDSTAR TRANSPORTATION LOGISTICS, INC., demands judgment in its favor and against Defendant, LEADER LOGISTICS, LLC., an award of damages totaling $250,000.00, plus attorneys' fees and costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

## **COUNT TWO - CARMACK AMENDMENT**

33. Landstar incorporates paragraphs 1 through 24 as if fully set forth herein.

34. Plaintiff brings this cause of action based on the assigned rights it possesses from Shipper.

35. As the motor carrier in possession of the Load, LEADER is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property under 49 U.S.C. §14706 (the "Carmack Amendment").

36. As the assignee and owner of the Presentation of Loss and Damage Claim, Landstar is the party entitled to recover the full actual value of the lost property under 49 U.S.C. §14706 (the "Carmack Amendment"). See **Exhibit C.**

37. As a direct and proximate result of LEADER's failure to properly deliver the Load undamaged, Landstar has suffered damages in the amount of $250,000.00.

WHEREFORE, Plaintiff, LANDSTAR TRANSPORTATION LOGISTICS, INC., demands judgment in its favor and against Defendant LEADER an award of damages totaling $250,000.00, and for any other relief which this Court deems appropriate.

Date: December 8, 2023

Respectfully submitted,

/s/ Sophia Bernard
Sophia Bernard, Esq.
Florida Bar No. 113805

>Lauren Feldman, Esq.
>Florida Bar No. 106075
>TAYLOR NELSON, P.A.,
>ATTORNEYS AT LAW, P.L.
>20 3rd Street SW, Suite 209
>Winter Haven, FL 33880
>(863) 875-6950 (tel)
>(863) 875-6955 (fax)
>sbernard@taylorlawpl.com
>lfeldman@taylorlawpl.com
>efiling@taylorlawpl.com
>lroberts@taylorlawpl.com

>*Counsel for Plaintiff*